The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission finds as fact and concludes as maters of law the following, which were entered by the parties prior to the hearing in a Pre-trial Agreement, which is incorporated herein by reference and at the hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. Defendant was a duly qualified self-insured at all relevant times with Key Risk Management Services, Inc. as its servicing agent.
4. The parties stipulated that the date of the alleged injury was December 10, 1997.
5. The parties stipulated that the plaintiff's average weekly wage was $349.30, yielding a compensation rate of $232.88.
6. The parties stipulated to the plaintiff's medical records from Novan Health-Triad Region, Forsyth Memorial Hospital, Carolina Medicorp, Inc., and from Dr. Douglas A. Linville.
7. The issues presented are:
 a) Whether plaintiff sustained an injury by accident arising out of the scope of his employment with defendant on or about December 10, 1997?
 b) Whether plaintiff is entitled to benefits under the North Carolina Workers' Compensation Act?
 * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Young, plaintiff was 30 years old and had completed the eighth grade. Plaintiff later earned a GED but had no other vocational training. Plaintiff has performed manual labor since he was 16 years old.
2. At the hearing before the Deputy Commissioner, plaintiff admitted to being a convicted thief, found guilty of felony breaking and entering and larceny in 1996 and in 1985. He also admitted having three DUI's in the last five years.
3. Plaintiff began working for defendant in 1997. Plaintiff's job duties included concrete forming.
4. Plaintiff testified that on or about December 10, 1997, he spent all day hoisting rebar, which were 30 feet long and weighed about 45 pounds each, from the ground up to a co-worker standing on the second level of an unfinished building. Plaintiff also testified that this was his first time in ten years of working in concrete forming that there was no forklift to lift the rebar to the second level and that he had never lifted materials vertically without a forklift.
5. On or about December 11, 1997, plaintiff reported to work for defendant, but it rained. Plaintiff was paid for the rain day.
6. Plaintiff had some leg pain on or about December 11, 1997. He testified that although he had experienced back pain in the past from his manual labor work, he had not felt pain running down his leg prior to December 10, 1997.
7. Plaintiff testified that on or about December 12, 1997, back and leg pain prevented him from getting out of bed and that a neighbor helped him up and his mother drove him to the emergency room.
8. At the emergency room, plaintiff reported low back pain and was taken out of work for two days and ordered to return to work on light duty on December 19, 1997 for one week with a ten pound lifting restriction.
9. On December 23, 1997, plaintiff presented to Douglas A. Linville, II, an orthopaedic surgeon. Plaintiff reported being involved in an "accident" at work on December 9, 1997 while lifting a bar. Dr. Linville diagnosed plaintiff with a herniated disc at L4-5 and recommended conservative treatment.
10. Plaintiff returned to the hospital on January 12, 1998 again complaining of continued back pain. Plaintiff reported a prior history of back pain. This time plaintiff also reported having handled a large quantity of steel rods, but could not recall any specific incident in which he hurt his back.
11. The owner of MESCO Forming, Inc. (MESCO), Don Messer, explained that only about 50% of the jobs that MESCO employees have performed would have had forklifts for lifting rebar and other materials to higher levels. Mr. Messer was certain that during plaintiff's employment with MESCO there were job sites where rebar and other materials were lifted without a forklift. He further testified that MESCO's use of forklifts was typical for the industry and that lifting materials by hand was part of a concrete former's job. Moreover, Mr. Messer was certain that every time MESCO built walls, the employees, including plaintiff, would have lifted rebar vertically.
12. Plaintiff's supervisor, Richard White, was present at the job site on December 10, 1997 and observed the plaintiff. Plaintiff did not perform the job singularly, because Mr. White helped plaintiff lift the rebar. Furthermore, according to Mr. White, no employee performed any one task all day long because after the team of workers had lifted a certain amount of rebar up to the second level, all employees would climb up to that level to "tie it off". Finally, Mr. White indicated that plaintiff had lifted rebar by hand and that such lifting was part of the regular job duties for a concrete former.
13. Plaintiff's co-worker, Bryan Rolland, who no longer works for MESCO, corroborated the testimony of Mr. Messer and Mr. White. Mr. Rolland stated that the lifting plaintiff performed on December 9, 1997 was within the normal job duties of a concrete former. Furthermore, a few months prior to December of 1997, plaintiff told Mr. Rolland that he was experiencing back pain which ran down into his leg and that he had been experiencing this pain for a while, even before coming to work for MESCO.
14. Plaintiff had no income until August of 1998, when he began painting rooms and was paid $4.00 per hour in cash and free rent. Plaintiff performed this job until approximately October of 1998 when he began assisting his cousin in an appliance hauling business. Plaintiff continued to perform this job as of the date of the hearing before the Deputy Commissioner.
15. Plaintiff has offered no medical expert opinion or other medical evidence to support a finding that the incident of December 9, 1997 is the cause of plaintiff's back condition.
16. Furthermore, greater weight is given to the testimony Don Messer, Richard White, and Bryan Rolland than to that of plaintiff. Accordingly, plaintiff's testimony that he had never lifted rebar vertically without a fork lift and that he had no pre-existing complaints of pain radiating into his leg is given little to no weight. Plaintiff was performing his job duties of a concrete forming worker in the normal manner on or about December 10, 1997 and had pre-existing back problems including radiation of pain into his leg.
17. Plaintiff has failed to establish by the greater weight of the evidence that he suffered a specific traumatic incident on or about December 10, 1997. Furthermore, plaintiff has failed to establish by the greater weight of the evidence that he sustained an injury by accident on or about December 10, 1997, in that, there were no unusual conditions constituting an interruption of his normal work routine.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Since plaintiff has failed to establish by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant or that he suffered a specific traumatic incident on or about December 19, 1997, he is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. GEN. STAT. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission adopts the holding of the Deputy Commissioner and enters the following
 AWARD
1. The plaintiff's claim is and under the law must be DENIED.
2. Each party shall bear its own costs.
This the ___ day of March 2000.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ CHRISTOPHER SCOTT COMMISSIONER DCS:nwg